ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL V

| ÁNGEL PADILLA GARCÍA<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>Recurrido | TA2025RA00157 | *Revisión Administrativa* procedente del Departamento de Corrección y Rehabilitación<br><br>Confinado Núm. T4-31374<br><br>Sobre:<br>RFP para Formalizar Contrato Adquisición de Espejuelos |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 17 de noviembre de 2025.

Compareció ante nos, el Sr. Ángel Padilla García (en adelante, "señor Padilla García" o "recurrente"), mediante recurso de revisión administrativa presentado el 15 de agosto de 2024. Nos solicitó la revisión de la determinación de la Oficina de Programas y Servicios del Departamento de Corrección y Rehabilitación (en adelante, "DCR" o "recurrido"), emitida el 24 de junio de 2025 y notificada el 17 de julio de 2025. Mediante esta, el DCR denegó la participación del recurrente en el Programa Comunitario de Base Religiosa y de Fe, y en el Programa Comunitario Secular.

Por los fundamentos que expondremos a continuación, desestimamos el recurso ante nuestra consideración por falta de jurisdicción (prematuro).

**-I-**

El señor Padilla García es miembro de la población correccional de la Institución Ponce 1000, en custodia mínima. Este fue sentenciado el 17 de noviembre de 2015 por el delito de agresión

sexual y, según consta en el expediente, se encuentra extinguiendo una pena de veinte (20) años de reclusión.

El señor Padilla García fue evaluado por la División de Evaluación y Asesoramiento del DCR para su participación en el Programa Comunitario de Base Religiosa y de Fe, y en el Programa Comunitario Secular. Sin embargo, el 24 de junio de 2025, notificada el 17 de julio de 2025, el DCR denegó su solicitud. En la decisión administrativa, el DCR solo expresó lo siguiente:

> Luego de realizar un análisis del Informe Final de Ajuste y Progreso emitido por la División de Evaluación y Asesoramiento y del Informe de Evaluación Psicológica y tomando en consideración los hallazgos contenidos en los mismos; así como el expediente administrativo, se determina lo siguiente: No cumple con criterios de elegibilidad.

> Conforme a lo dispuesto en el Reglamento del Programa Integral de Reinserción Comunitaria, Núm. 9488 de 9 de agosto de 2023 en el Art. VI (Criterios Generales de Elegibilidad) Inciso 11.

> De la evaluación del caso, deberá desprenderse información de la que se pueda determinar que el miembro de la población correccional no constituye un riesgo para su seguridad, la de la comunidad, de sus familiares, ni de las partes perjudicadas o víctimas de delito.[1]

Inconforme, el 15 de agosto de 2025, el señor Padilla García presentó el recurso de revisión administrativa ante nos, y señaló la comisión del siguiente error:

> ERR[Ó] EL PROGRAMA DE DESV[Í]O DEL DEPARTAMENTO DE CORRECCI[Ó]N Y REHABILITACI[Ó]N AL TOMAR UNA DETERMINACI[Ó]N FINAL QUE NO CUMPLE LA SECCI[Ó]N 3.14 DE LA LEY 38-2017, SEGÚN ENMENDADA DE LA LEY DE PROCEDIMIENTO ADMINISTRATIVO UNIFORME[,] 3 L.P.R.A. SEC. 9654[,] CARRENTE [sic] DE DETERMINACIONES DE HECHO Y CONCLUSIONES DE DERECHO EN CONTRAVENCI[Ó]N CON EL DEBIDO PROCESO DE LEY Y LO RESUELTO EN LYONS VILLANUEVA V. D.C.R., 206 D.P.R. 931 (2021)[,] POR LO QUE PROCEDE DEVOLVER EL PRESENTE CASO AL PROGRAMA PARA QUE EMITA UNA RESOLUCI[Ó]N FINAL CONFORME LA SECCI[Ó]N 3.14, SUPRA, TODA VEZ QUE SU DETERMINACI[Ó]N FINAL SE CIRCUNSCRIBI[Ó] A ESTABLECER CONCLUSIONES DE DERECHO SEGÚN SURGE DEL TEXTO DE REGLAMENTO 9488-2023.

Por su parte, el 29 de septiembre de 2025, el DCR representado por la Oficina del Procurador General de Puerto Rico

---

[1] Apéndice del recurrente, Entrada Núm. 2.

presentó su oposición al recurso de epígrafe. En síntesis, arguyó que la determinación recurrida cumplió con la Sección 3.14 de la Ley Núm. 38-2017, 3 LPRA sec. 9654. Además, sostuvo que no se incluyeron en el dictamen los detalles en los informes que se tomaron en consideración para la denegatoria, ya que se trataba de información confidencial.

**-II-**

**A. Jurisdicción**

En nuestro ordenamiento jurídico se ha establecido que la jurisdicción "es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power Inc., v. Junta de Subasta*, 213 DPR 685, 698 (2024); *FCPR V. ELA et al.*, 211 DPR 521, 529 (2023). En ese sentido, el factor jurisdiccional es el primer factor que debe considerar un tribunal en toda situación jurídica que se presente para su adjudicación. *R&B Power Inc., v. Junta de Subasta*, supra, pág. 698; *FCPR V. ELA et al.*, supra, pág. 530. De manera que los asuntos jurisdiccionales son privilegiados y deben ser atendidos de forma preferente. *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 386 (2020).

Acorde con ello, los tribunales estamos emplazados a ser fieles guardianes de nuestra jurisdicción y carecemos de discreción para asumirla donde no la hay. *Íd.* Por ende, la falta de jurisdicción tiene los siguientes efectos:

> (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal *motu proprio*.

*Fuentes Bonilla v. ELA*, 200 DPR 364, 372-373 (2018).

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas.*

*Reglamento TA*, 2025 TSPR 42, págs. 109-110, 215 DPR __ (2025), confiere autoridad al Tribunal para desestimar un recurso de apelación o denegar un auto discrecional, a iniciativa propia o a petición de parte, cuando carezca de jurisdicción. De esa forma, si al hacer el análisis jurisdiccional, el tribunal concluye que carece de jurisdicción para adjudicar la cuestión ante su consideración, tiene el deber de así declararlo y proceder con la desestimación del recurso apelativo sin entrar en los méritos de la controversia. *Ruiz Camilo v. Trafon Group, Inc.,* 200 DPR 254, 269 (2018).

**B. Revisión administrativa**

La Ley Núm. 38-2017, según enmendada, conocida como "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico" (en adelante, "LPAU") dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. 3 LPRA sec. 9671. Como cuestión de derecho, la revisión judicial será sobre las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. 3 LPRA sec. 9676.

En lo concerniente a la controversia que nos ocupa, la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, expone el contenido que deberá tener toda orden o resolución final de una agencia administrativa. En lo pertinente, dispone lo siguiente:

> **La orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o revisión según sea el caso.** La orden o resolución deberá ser firmada por el jefe de la agencia o cualquier otro funcionario autorizado por ley.
>
> La orden o resolución advertirá el derecho de solicitar la reconsideración ante la agencia o de instar el recurso de revisión como cuestión de derecho en el Tribunal de Apelaciones, así como las partes que deberán ser notificadas del recurso de revisión, con expresión de los términos correspondientes. Cumplido este requisito comenzarán a correr dichos términos.

3 LPRA sec. 9654. (Énfasis nuestro).

Con esta norma, "el legislador se aseguró que la intervención judicial se realizara después de que concluyeran los trámites

administrativos y se adjudicaran todas las controversias pendientes ante la agencia, de manera que no haya una intromisión de los tribunales a destiempo." *Crespo Claudio v. O.E.G.,* 173 DPR 804, 813 (2008).

Por último, vale señalar que la tarea del foro revisor intermedio en los recursos de revisión administrativa se circunscribe a lo siguiente: (i) si el remedio concedido fue apropiado; (ii) si las determinaciones de hecho están sostenidas por evidencia sustancial que obre en el expediente administrativo; y (iii) si se sostienen las conclusiones de derecho realizadas por la agencia. 3 LPRA sec. 9675.

### -III-

En el caso ante nos, el recurrente sostiene que el DCR erró al denegar su solicitud para participar en los referidos programas, sin haber incluido determinaciones de hechos en la decisión. Tiene razón.

Tras examinar el expediente ante nos, así como la resolución recurrida, concluimos que en la determinación recurrida no se consignaron las determinaciones de hecho que llevaron a la agencia a denegar el petitorio realizado por el recurrente. El DCR solamente expresó que tomó su decisión luego de analizar el Informe Final de Ajuste y Progreso y del Informe de Evaluación Psicológica. Así pues, es evidente que la decisión recurrida no cumple con los parámetros establecidos en la Sección 3.14 de la LPAU, *supra.* En consecuencia, la determinación de la cual se recurre no es una final, por lo que este Tribunal carece de jurisdicción para revisarla.

### -IV-

Por los fundamentos previamente expuestos, se **desestima** el presente recurso por falta de jurisdicción (prematuro) y se **devuelve** para que el Departamento de Corrección y Rehabilitación emita una nueva resolución o respuesta que contenga determinaciones de

hechos, conclusiones de derecho y las debidas advertencias procesales para que el recurrente pueda solicitar la revisión administrativa, si así lo entendiese necesario.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones